**David STEBBINS, Appellant**

v.

**UNITED STATES of America,**
**Appellee.**

No. 13–5016.

United States Court of Appeals,
District of Columbia Circuit.

Jan. 30, 2014.

David Stebbins, Harrison, AR, pro se.

R. Craig Lawrence, U.S. Attorney's Office, Washington, DC, for Appellee.

BEFORE: ROGERS and SRINIVASAN, Circuit Judges; GINSBURG, Senior Circuit Judge.

### *JUDGMENT*

PER CURIAM.

This appeal was considered on the record from the United States District Court for the District of Columbia and on the brief filed by the appellant. *See* Fed. R.App. P. 34(a)(2); D.C.Cir. Rule 34(j). It is

**ORDERED AND ADJUDGED** that the district court's order filed December 18, 2012, be affirmed. Appellant has not established any basis for Federal Tort Claims Act ("FTCA") liability against the United States arising out of his claim that clerks of the U.S. Court of Federal Claims failed to file his notices of appeal. Appellant asserts he has sufficiently alleged a constitutional violation, but the United States "has not rendered itself liable under [the FTCA] for constitutional tort claims." *FDIC v. Meyer*, 510 U.S. 471, 478, 114 S.Ct. 996, 127 L.Ed.2d 308 (1994). To the extent appellant attempted to raise his claims pursuant to *Bivens v. Six Unknown Agents of the Fed. Bureau of Narcotics*, 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971), these claims fail because the United States is not a proper *Bivens* defendant. *See Meyer*, 510 U.S. at 484–86, 114 S.Ct. 996 (declining to extend *Bivens* remedy to agencies of the federal government).

Pursuant to D.C. Circuit Rule 36, this disposition will not be published. The Clerk is directed to withhold issuance of

the mandate herein until seven days after resolution of any timely petition for rehearing or petition for rehearing en banc. *See* Fed. R.App. P. 41(b); D.C.Cir. Rule 41.